UNITED STATES OF AMERICA
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAJON HARRIS | Case No. 25 CR 567<br><br>Judge Andrea R. Wood |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons set forth below, the United States respectfully requests that the Court sentence defendant to a sentence at the low end of the Guidelines range—32 months. Such a sentence is primarily warranted because of the seriousness of the offense and the need to afford adequate deterrence, promote respect for the law, and protect the public from further crimes by defendant. The government additionally requests that the Court impose a three-year term of supervised release and restitution of $7,769.42.

## I. Advisory Guidelines Calculations

The government agrees with the criminal history and offense level calculations set forth in the Presentence Investigation Report (PSR). Defendant's total offense level is 19 and his criminal history category is I, resulting in an advisory Guidelines range of 30 to 37 months' imprisonment. PSR ¶ 114.

## II. Application of the Statutory Sentencing Factors Supports a 32 Month Term of Imprisonment

After calculating the Guidelines range, the Court must consider what sentence is appropriate for the individual defendant in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Pankow*, 884 F.3d 785, 793 (7th Cir. 2018). Section 3553(a)

requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. Considering the § 3553(a) factors, and for the specific reasons set forth below, the government recommends a Guidelines sentence of 32 months' imprisonment. Such a sentence is necessary to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public from further crimes by defendant.

**A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

On balance, the nature and circumstances of the offense and history and characteristics of defendant demonstrate the serious danger defendant poses to the public and weigh in favor of imposing a Guidelines sentence. While defendant only has one prior theft conviction, over the course of just four months in 2025, defendant committed two brazen robberies, a bank theft, and was arrested for being in possession of a stolen vehicle. Defendant's escalating criminal conduct is incredibly serious and dangerous. It evidences a lack of concern for the law and for the safety of innocent bystanders, law enforcement, and defendant himself.

Starting on June 20, 2025, defendant recklessly stole approximately $500 in cash from a bank teller's counter. PSR ¶ 15. Approximately 45 days later, defendant brazenly approached a Brinks armored truck driver from behind, stole the bag the driver was carrying, and fled on foot. *Id.* ¶ 18. This offense occurred in the middle of a summer day right outside of Millenium Park. *Id.* Only three days later, defendant

fled from inside a stolen car when officers attempted to approach him. *Id.* ¶ 64. After he was arrested, defendant admitted to possessing the stolen vehicle. *Id.*

Just one month later, in the middle of the day in the heart of the Loop neighborhood, defendant brazenly robbed another Brinks armored truck driver. *Id.* ¶ 20. After seeing the Brinks truck parked outside of a store on South State Street, defendant entered the store and waited near the exit. *Id.* As the Brinks driver left the store, defendant followed him. *Id.* Once outside, defendant attempted to steal the bag of cash out of the Brinks driver's hand and a struggle ensued on the crowded sidewalk. *Id.* To gain control of the bag, defendant punched and shoved the Brinks driver. *Id.* During the struggle, the Brinks driver retrieved his firearm and fired three rounds at defendant, injuring him. *Id.* As a result, defendant suffered significant injuries for which he was hospitalized for one week. *Id.* ¶ 21, 81. Thankfully, defendant survived, and miraculously, no innocent bystanders were harmed. In a split second, the outcome could have been devastatingly different. Defendant's actions put numerous lives at risk, including his own. Over the course of just four months, defendant consistently chose to break the law in reckless and dangerous ways. Defendant's spree ended with his hospitalization and put countless others at risk of serious harm along the way.

In mitigation, defendant reports a troubling childhood, a history of substance abuse, and has been diagnosed with serious mental health conditions. Specifically, defendant reports that he was raised by his mother who struggled to make ends meet, causing them to move often. *Id.* ¶ 73. At a young age, defendant was reportedly

physically and mentally abused by his mother. *Id.* ¶¶ 74–75. As described in the PSR, since 2023, defendant has been diagnosed with serious mental health conditions that this Court should consider in mitigation. *Id.* ¶¶ 88–89, 92–95. In addition, defendant has struggled with a history of substance abuse that continued until the day of his arrest. *Id.* ¶¶ 97–100.

On balance, the nature and circumstances of the offense and defendant's history and characteristics support a sentence at the low end of the Guidelines range. Such a sentence will illustrate the seriousness and dangerousness of defendant's four-month crime spree, while also taking into account the mitigating factors specific to defendant and allowing defendant to participate in mental health and substance abuse treatment in a structured setting.

**B. The Need to Protect the Public, Promote Respect for the Law, and Afford Adequate Deterrence**

A Guidelines sentence is necessary to protect the public from defendant, promote respect for the law, and deter defendant from continuing his reckless and dangerous criminal conduct. A 32-month sentence would protect the community. As explained above, defendant has repeatedly put others in danger. His criminal conduct has exclusively been directed at other people and has consistently put himself and innocent bystanders at risk of harm. In addition, defendant committed the charged offense while on supervised release, tried to escape on two separate occasions while detained pending trial in this case, and has two additional disciplinary infractions during his pretrial detention. *Id.* ¶¶ 64, 10–13. A 32-month sentence is necessary to promote respect for the law and to deter defendant from continuing down this

dangerous path. Equally important is general deterrence of those similarly situated to defendant. A 32-month sentence is necessary to make clear to the public that dangerous criminal conduct will result in serious punishment.

## III. A Three-Year Term of Supervised Release Is Necessary to Provide Additional Deterrence and Protect the Public

The government concurs with the Probation Officer's recommendation of a three-year term of supervised release. Defendant's ongoing supervision will provide additional deterrence to defendant, protect the public, and allow defendant to participate in mental health and substance abuse treatment in a structured setting.

The mandatory, discretionary, and special conditions of supervised release under 18 U.S.C. § 3583(d) are set forth on pages 25 through 32 of the PSR. The government agrees with the conditions proposed in the PSR and concurs with the probation officer's rationale for these conditions. The recommended conditions will assist the Probation Officer with monitoring defendant's conduct, condition, and compliance without being overly burdensome. The conditions will also provide the Probation Officer with targeted interventions to ensure that defendant does not re-offend and is able to address his substance abuse and mental health conditions.

## IV. Restitution

As set forth in the Plea Agreement, defendant is obligated to pay restitution in a total amount of $7,269.42 to Brinks and $500 to Bank A, minus any credit for funds repaid prior to sentencing. *See* Dkt. 23; PSR ¶¶ 9, 125; 18 U.S.C. § 3663A.

## V. Conclusion

For the reasons stated above, the government respectfully requests that the Court sentence defendant to a Guidelines sentence of 32 months' imprisonment, to be followed by a three-year term of supervised release, and restitution of $7,769.42.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/ Hanna Helwig*
HANNA HELWIG
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 469-6314

Dated: May 8, 2026